CT Corporation

**Service of Process Transmittal**
11/19/2021
CT Log Number 540618410

TO: Kim Lundy- Email
Walmart Inc.
702 SW 8TH ST
BENTONVILLE, AR 72716-6209

RE: **Process Served in Georgia**

FOR: Wal-Mart Stores East, LP  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: MATHNEY ANGELA as parent and/or gaurdian of SERINITY WILLIAMS // To: Wal-Mart Stores East, LP |
| **DOCUMENT(S) SERVED:** | Attachment, Summons, Complaint, Certificate, First Interrogatories, First Request(s) |
| **COURT/AGENCY:** | State Court of Forsyth County, GA<br>Case # 21SC1458A |
| **NATURE OF ACTION:** | Personal Injury - Slip/Trip and Fall - 02/02/2020, Store #556, at 2425 Memorial Drive, Waycross, Georgia 31503 |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Company (FL), Cumming, GA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 11/19/2021 at 14:00 |
| **JURISDICTION SERVED :** | Georgia |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service, exclusive of the day of service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | John S. O'Briant<br>Law Office of Johnny Phillips, PC<br>12 Jackson Street<br>Newnan, GA 30263<br>404-487-0184 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 11/19/2021, Expected Purge Date: 11/24/2021<br><br>Image SOP |
| **REGISTERED AGENT ADDRESS:** | The Corporation Company (FL)<br>106 Colony Park Drive<br>STE 800-B<br>Cumming, GA 30040<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other

 CT Corporation

**Service of Process Transmittal**
11/19/2021
CT Log Number 540618410

**TO:**     Kim Lundy- Email
Walmart Inc.
702 SW 8TH ST
BENTONVILLE, AR 72716-6209

**RE:**     **Process Served in Georgia**

**FOR:**    Wal-Mart Stores East, LP  (Domestic State: DE)

advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Civil Action No. _____

Date Filed _____

| | Superior Court | ☐ | Magistrate Court | ☐ |
|---|---|---|---|---|
| | State Court | ☐ | Probate Court | ☐ |
| | Juvenile Court | ☐ | | |

Georgia, _____ COUNTY

Attorney's Address

_____

_____

                                                    **Plaintiff**

                            VS.

Name and Address of Party to be Served.

_____

_____

                                                    **Defendant**

_____

_____

                                                    **Garnishee**

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL**
☐ I have this day served the defendant _____ personally with a copy
of the within action and summons.

**NOTORIOUS**
☐ I have this day served the defendant _____ by leaving a
copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____ described as follows:
age, about _____ years; weight _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of
defendant.

**CORPORATION**
☒ Served the defendant _____ Corporation Company _____ a corporation
by leaving a copy of the within action and summons with _____ Nancy Walker _____
in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL**
☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said
affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the
defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the
place stated in the summons.

**NON EST**
☐ Diligent search made and defendant _____
not to be found in the jurisdiction of this Court.

This 19 day of _____ NOV _____, 20 21 .

_____
                                                    **DEPUTY**

SHERIFF DOCKET_____ PAGE _____

# STATE COURT OF FORSYTH COUNTY
# STATE OF GEORGIA

**⚖ EFILED IN OFFICE**
CLERK OF STATE COURT
FORSYTH COUNTY, GEORGIA

**21SC-1458-A**

**Judge Leslie Abernathy-Maddox**
**OCT 05, 2021 03:22 PM**

Greg G. Allen, Clerk
Forsyth County, Georgia

CIVIL ACTION NUMBER  21SC-1458-A

Williams, Serenity

**PLAINTIFF**

VS.

WALMART STORES EAST LP, DBA Wal-
Mart Supercenter #556

**DEFENDANT**

### SUMMONS

TO: WALMART STORES EAST LP

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **John O'Briant**
> **Law Office of Johnny Phillips - John**
> **12 Jackson Street**
> **NEWNAN, Georgia 30263**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 5th day of October, 2021.**

Clerk of State Court

**Greg G. Allen, Clerk**
**Forsyth County, Georgia**

⚖ **EFILED IN OFFICE**
CLERK OF STATE COURT
FORSYTH COUNTY, GEORGIA

**21SC-1458-A**
**Judge Leslie Abernathy-Maddox**
OCT 05, 2021 03:22 PM

Greg G. Allen, Clerk
Forsyth County, Georgia

## IN THE STATE COURT OF FORSYTH COUNTY
## STATE OF GEORGIA

ANGELA MATHNEY as parent and/or
gaurdian of SERINITY WILLIAMS,

      Plaintiff,

vs.

WAL-MART STORES EAST, LP,
d/b/a WAL-MART SUPERCENTER
#556, JOHN DOE & XYZ
CORPORATION

      Defendants.

CIVIL ACTION

FILE NO.:

**JURY TRIAL DEMANDED**

## COMPLAINT FOR DAMAGES

COMES NOW ANGELA MATHNEY AS PARENT AND/OR GAURDIAN OF

SERINITY WILLIAMS, Plaintiff in the above styled action and files this Complaint for

Damages and shows the Court as follows:

1.

Defendant WAL-MART STORES EAST, LP d/b/a WAL-MART STORE #556

(hereinafter, "Wal-Mart") is a foreign profit corporation existing under the laws of Delaware,

whose principal office address is 708 SW 8th Street, Bentonville, AR 72716, who, at all times

relevant to this action, owned and/or operated the premises upon which ANGELA MATHNEY

AS PARENT AND/OR GAURDIAN OF SERINITY WILLIAMS (hereinafter, "Plaintiff")

sustained the injuries which form the basis of this action, and maintained an office and place of

doing business in Ware County, GA, located at 2425 Memorial Drive, Waycross, and is subject

to the jurisdiction of this Court as a joint tortfeasor. Defendant WAL-MART STORES EAST,

LP may be served through its registered agent, The Corporation Company (FL), at 106 Colony

Park Drive Ste. 800-B, Cumming, GA 30040. Venue is proper.

1

2.

Defendant XYZ Corporation (hereinafter, "XYZ Corporation") occupied the position of the unknown vendor of the premises where the subject incident occurred, and at all times relevant to this action, was acting within the scope of employment for defendant on the premises where Plaintiff sustained the injuries which form the basis of this action and whose acts and/or omissions are believed to have contributed to Plaintiff's claims for damages and is subject to the jurisdiction and venue of this Court.

3.

Defendant JOHN DOE, (hereinafter, "Doe") is an unidentified individual who, at all times relevant to this action, was acting within the scope of employment for Defendant WAL-MART STORES EAST, LP and/or XYZ Corporation on the premises where Plaintiff sustained the injuries which form the basis of this action and whose acts and/or omissions contributed to Plaintiffs damages and is subject to the jurisdiction and venue of this Court.

**BACKGROUND**

5.

On or about February 2, 2020, Plaintiff was upon the premises of Wal-mart Store #556 (hereinafter, "the store") located at 2425 Memorial Dr, Waycross, GA 31503, a business owned and/or operated by Defendant Wal-Mart and/or XYZ Corporation, as an invitee.

6.

Plaintiff, through no failure to exercise reasonable care for her own safety, was walking in and/or near the store premises and was injured as a result of slipping on a wet, slick and/or hazardous substance.

2

7.

There were no warning signs in the area where the wet, slick and/or hazardous substance was present, and Plaintiff's incident occurred.

8.

Defendant Wal-Mart and/or XYZ Corporation had exclusive ownership, possession and control over the store at all times relevant to this action.

9.

As a result of Plaintiff's fall, she suffered bodily injury.

## COUNT I
## PREMISES LIABILITY

10.

Plaintiff realleges and incorporates the allegations contained in paragraphs 1 through 9 above as if fully stated herein.

11.

Plaintiff was an invitee on the store premises at the time of the incident.

12.

Defendant Wal-Mart and/or XYZ Corporation owed a nondelegable duty of reasonable care in keeping the store premises safe for invitees such as Plaintiff.

13.

Plaintiff did not know and could not reasonably have learned of the danger posed by the wet, slick and/or hazardous substance without proper notice or warning.

14.

Defendant Wal-Mart and/or XYZ Corporation had actual and/or constructive knowledge of the existence of the hazard, knew or should have known that the presence of the wet, slick and/or

hazardous substance posed a danger to invitees on the store premises, and should have notified or warned invitees about this hazard.

15.

Defendant Wal-Mart and/or XYZ Corporation was negligent in failing to properly inspect the area where the incident occurred, in failing to remedy the presence of the wet, slick and/or hazardous substance, in failing to take adequate measures to protect invitees, and in failing to keep the premises safe for invitees.

## COUNT II
## LIABILITY OF DEFENDANTS WAL-MART STORES EAST, LP, XYZ CORPORATION AND JOHN DOE

16.

Plaintiff realleges and incorporates the allegations contained in paragraphs 1 through 15 above as if fully stated herein.

17.

At all times relevant to this action, Defendant Wal-Mart, Defendant XYZ Corporation and Defendant Doe had a duty to reasonably inspect, clean and maintain the area where Plaintiff's incident occurred.

18.

Defendant Wal-Mart, Defendant XYZ Corporation and Defendant Doe negligently failed to inspect, clean and maintain the area where Plaintiff's Serinity Williams fall occurred and negligently failed to take reasonable measures to ensure the safety of invitees on the premises and warn invitees such as Plaintiff of the presence of wet, slick and/or hazardous substance.

## COUNT III
## VICARIOUS LIABILITY

### 19.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 18 above as if fully restated.

### 20.

At all times relevant to this action, Defendant Doe, and other individuals responsible for inspecting, cleaning and maintaining the area where the Plaintiff's incident occurred were employed by Defendant Wal-Mart and/or XYZ Corporation and were acting within the scope of their employment.

### 21.

Defendant Wal-Mart and/or XYZ Corporation is responsible for the conduct of these individuals under the doctrine of Respondeat Superior, agency or apparent agency.

## COUNT IV
## NEGLIGENT HIRING, TRAINING & SUPERVISION

### 22.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 21 above as if fully restated.

### 23.

Defendants were negligent in failing to adopt appropriate policies and procedures to make sure that invitees receive appropriate notice or warning of hazardous conditions on the store premises and in failing to train their employees concerning safety procedures for maintaining the store premises.

24.

Defendants were negligent in hiring, training and supervising their staff.

25.

As a direct and proximate result of the individual and joint negligence of Defendants, Plaintiff suffered bodily injuries, lost wages, and medical expenses, in an amount TBD.

| | Provider: | Dates of Service: | Amount: |
|---|---|---|---|
| 1. | Appling Pediatrics | TBD | $ TBD |
| 2. | Bacon County Hospital | TBD | $ TBD |
| 3. | Bone ad Joint Institute of South Georgia | TBD | $ TBD |

26.

As a direct and proximate result of the Defendants' negligence, Plaintiff is entitled to an award of special damages for medical expenses and lost wages in an amount to be shown at trial, and general damages in an amount to be determined by this court against the Defendants, all in an amount TBD.

WHEREFORE, Plaintiff prays as follows:

a) That process be issued, and the Defendants be served with process as provided by law;

b) That Plaintiff have a trial by jury on all issues so triable;

c) That Plaintiff have a verdict and judgment against the Defendants to compensate Plaintiff for all special, general, compensatory and consequential damages in an amount proven at trial to be adequate and just;

d) That all costs be cast against the Defendants; and

e) That this Court grant such other and further relief as it deems appropriate.

6

Respectfully submitted this 5th day of October, 2021.

/s/ John S. O'Briant_____
Johnny G. Phillips
Georgia State Bar No. 382150
John S. O'Briant III
Georgia State Bar No. 133201
Attorney for Plaintiff

**Law Office of Johnny Phillips, PC**
12 Jackson Street
Newnan, Georgia 30263
P: (404) 487-0184
F: (404) 439-1190
Johnny@johnnyphillipslaw.com
Jobriant@johnnyphillipslaw.com

7

**EFILED IN OFFICE**
CLERK OF STATE COURT
FORSYTH COUNTY, GEORGIA

**21SC-1458-A**

Judge Leslie Abernathy-Maddox
OCT 05, 2021 03:22 PM

Greg G. Allen, Clerk
Forsyth County, Georgia

### IN THE STATE COURT OF FORSYTH COUNTY
### STATE OF GEORGIA

ANGELA MATHNEY as parent and/or
gaurdian of SERINITY WILLIAMS,

      Plaintiff,

vs.

WAL-MART STORES EAST, LP, d/b/a
WAL-MART SUPERCENTER #556,
JOHN DOE & XYZ CORPORATION,

      Defendants.

CIVIL ACTION

FILE NO.:

### **RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY**

    I HEREBY CERTIFY that I have served a copy of Plaintiff's First Interrogatories, Request to Produce Documents and Request for Admissions to Defendant **Wal-Mart Stores East, LP** upon all parties in this matter by including a true and correct copy of same which is to be served contemporaneously with the complaint and summons by a Deputy of the Sheriff's Office or other proper Process Server, as approved by the Georgia Civil Practice Act, who is to effectuate service at the following address:

Wal-Mart Stores East, LP
RA: The Corporation Company (FL)
106 Colony Park Drive Ste. 800-B
Cumming, GA 30040

Respectfully submitted this 5th day of October, 2021.

*/s/ John S. O'Briant*
Johnny G. Phillips
Georgia State Bar No. 382150
John S. O'Briant III
Georgia State Bar No. 133201
Attorney for Plaintiff

**Law Office of Johnny Phillips, PC**

12 Jackson Street
Newnan, Georgia 30263
P: (404) 487-0184
F: (404) 439-1190
Johnny@johnnyphillipslaw.com
Jobriant@johnnyphillipslaw.com

## IN THE STATE COURT OF FORSYTH COUNTY

### STATE OF GEORGIA

ANGELA MATHNEY as parent and/or
gaurdian of SERINITY WILLIAMS,

      Plaintiff,

vs.

WAL-MART STORES EAST, LP, d/b/a
WAL-MART SUPERCENTER #556,
JOHN DOE & XYZ CORPORATION,

      Defendants.

CIVIL ACTION

FILE NO.:

## PLAINTIFF'S FIRST INTERROGATORIES TO
## DEFENDANT WAL-MART STORES EAST, LP d/b/a WAL-MART STORE #556

COMES NOW, Plaintiff in the above styled action and hereby requires that Defendant

WAL-MART STORES EAST, LP d/b/a WAL-MART STORE #556 (hereinafter, "Wal-Mart

Stores East, LP") answer under oath and in writing the following interrogatories within forty-five

(45) days from the date of service, i.e. the time provided for response pursuant to O.C.G.A. § 9-

11-33, and that a copy of the answers be furnished to the Plaintiff's attorney, Law Offices of

Johnny Phillips, Attn: John S. O'Briant III, 12 Jackson Street, Newnan, Georgia 30263.

### I.  INSTRUCTIONS

**NOTE A:**    When used in these interrogatories, the phrase "Defendant", "individual in

question", "you" or any synonym thereof are intended to and shall embrace and include, in addition

to Defendant Wal-Mart Stores East, LP individually, its attorneys, agents, servants, employees,

representatives, private investigators, insurance adjusters, and all others who are in possession of,

in control of, or may have obtained information for or on behalf of Defendant Wal-Mart Stores

East, LP.

**NOTE B:** Throughout these interrogatories, wherever Defendant Wal-Mart Stores East, LP is requested to identify a communication of any type and such communication was oral, the following information should be furnished with regard to each such communication:

(a) By whom it was made, and to whom;

(b) The date upon which it was made;

(c) Who else was present when it was made;

(d) Whether it was recorded or described in any writing of any type and, if so, identification of each such writing in the manner indicated in Note C below.

**NOTE C:** Throughout these interrogatories, wherever Defendant Wal-Mart Stores East, LP is requested to identify a communication, letter, document, memorandum, report or record of any type and such communication was written, the following information should be furnished:

(a) A specific description of its nature (e.g., whether it is a letter, a memorandum, etc.);

(b) By whom it was made and to whom it was addressed;

(c) The date it was made; and

(d) The name and address of the present custodian of the writing or, if not known, the name and address of the present custodian of a copy thereof.

**NOTE D:** Throughout these interrogatories, wherever Defendant Wal-Mart Stores East, LP is requested to identify a person, the following information should be furnished:

(a) The person's full name;

(b) His or her present home and business address and telephone number at each address;

(c) His or her occupation; and

(d) His or her place of employment.

**NOTE E:** These interrogatories shall be deemed continuing to the extent required by law. You are required to (1) seasonably supplement any response directed to the identity and location of persons having knowledge of discoverable matters as well as the identity of each person expected to be called as a witness at trial, the subject matter on which he or she is expected to testify and the substance of his or her testimony; (2) amend any prior response if you subsequently learn that the original response is no longer true and the circumstances are such that a failure to amend the response is, in substance a knowing concealment; and (3) provide such other supplementary responses required by law.

## II. INTERROGATORIES

1.

State the full name, address, title and position of the person answering these interrogatories and, if different, state the full name, address, employer, title and position of the person verifying the answer to these interrogatories, as well as the full name, address or last known address, employer, title and position of each person consulted by the person preparing your answers to these interrogatories.

2.

State the name and address of any person, including any party, who, to your knowledge, information or belief was an eyewitness to the incident complained of in this action; has some knowledge of any fact or circumstance upon which your defense is based; and has conducted any investigation relating to the incident complained of or the background, employment, medical history or activities of Plaintiff SERENITY WILLIAMS.

3.

State the full name, address or last known address, employer, title and position of each person not named in response to Interrogatory No. 2 who was present or claims to have been present at the scene immediately before or immediately after Plaintiff's incident.

4.

To your knowledge, information or belief, has any person identified in your answer to Interrogatory No. 2 and/or 3 given any statement or report in connection with this action?  If so, describe such statement or report and give the name and address of the person having custody and control thereof.

5.

Please identify each and every witness or employee who, at the time of the incident, was in the vicinity of the area of the where the subject incident occurred in the Wal-mart Store #556, located at 2425 Memorial Drive

Waycross, GA 31503 and owned by Defendant Wal-Mart Stores East, LP (hereinafter, "the store") where Plaintiff's incident occurred.  In regard to each such employee, please state the individual's name, address, telephone number, shift worked, and job duties.

6.

State whether there is or was in existence any policy of liability insurance that would or might inure to the benefit of Plaintiff, by providing for payment of a part or all of any judgment rendered in favor of Plaintiff against the Defendants by reason of the incident described in the complaint, and if the answer is in the affirmative, state as to each such policy of insurance known or believed to exist by you the name and address of the insurer on each such policy; the name and address of each named insured on each such policy; the relationship, if any, between each named

insured on each such policy and the defendant; the policy number of each such policy; the name and address of any person who may be an additional insured under such policy by reason of the incident described in the complaint, and the relationship, if any, between such additional insured and the defendants in this case; and the limits of liability in such policy as might be applied to Plaintiff by reason of any one accident.

7.

Please identify any entity or person with any financial interest, lease or ownership interest in the premises on which Plaintiff's incident occurred on or about February 2, 2020.

8.

State whether you, your attorneys, or agents thereof have any statement, or any notes or memoranda of any statements, from any witness or person who claims to have witnessed or has knowledge or claims to have knowledge of Plaintiff's incident, including any statement made by Plaintiff.

9.

State whether any movies, videotapes or other photographs or other recordings were taken of Plaintiff or of the scene of the incident at any time prior, during or subsequent to the time of Plaintiff's incident. If so, state the date of each such movie, videotape, photograph or recording; the name, address or last known address, employer, title and position of each person who took or had control over each such movie, videotape, photograph or recording; and the name, address or last known address, employer, title and position of each person having possession of each such movie, videotape, photograph or other recording or any negative thereof.

10.

Has any other personal injury or slip and fall accident occurred in the store, either during the five (5) years preceding Plaintiff's incident, or any time during or after the date of Plaintiff's incident? If so, for each such accident or personal injury, state the date and time it occurred; a brief description of how it occurred; the name, or other means of identification and address of each person involved in each such occurrence; the location at which it occurred; and any remedial actions taken by Defendant Wal-Mart Stores East, LP subsequent to each occurrence.

11.

At the time of Plaintiff's incident, did Defendant Wal-Mart Stores East, LP have any procedures in place, written or unwritten, formal or informal, for the inspection, cleaning and maintenance of the premises complained of, specifically the subject department of the store? If so, state the name, address, employer and position of each person having custody of each such written procedures. For all such procedures, whether written or oral, describe the manner in which they were communicated, the names and addresses or last known addresses of all persons to whom they were communicated; and the name, address, employer, title and position of each person who had knowledge of said procedures prior to the time of Plaintiff's incident.

12.

Was Defendant Wal-Mart Stores East, LP or any of its representatives notified orally, in writing, or otherwise of Plaintiff's incident? If so, state whether Defendant Wal-Mart Stores East, LP was informed of the fall by someone other than an employee of said Defendant, and if so, state the name, address or last known address, employer, title and position and phone number of each person who informed Defendant Wal-Mart Stores East, LP and the date on which the information was received. Additionally, state whether there is or was any record of the receipt of such

information, and if so, state the name, address or last known address, employer, title and position of each such person and agency in possession of such records, and the title or other identification or description of the content of such record.

13.

State whether Defendant Wal-Mart Stores East, LP made any changes in its procedures for the inspection, cleaning and maintenance of its premises subsequent to Plaintiff's incident. If so, state in detail what changes were made.

14.

Please identify (in accordance with Instruction Note D) each person working on the premises with any duties for the area where this incident occurred on February 2, 2020.

15.

Has any insurer referred to above denied coverage or reserved its right to later deny coverage under any such policy of liability insurance? If so, please explain.

16.

Do you contend that Plaintiff caused or contributed to the incident in question? If so, state with particularity each and every contention made in this regard.

17.

If Defendant Wal-Mart Stores East, LP has been a party to any personal injury lawsuit (other than this suit) please describe each such suit, specifying the nature of the case, the date of each such suit, the court in which it was brought, the county and state in which the case was filed, the names of other parties to each such suit and the ultimate disposition of each such suit, whether by judgment, settlement or otherwise.

18.

Please identify each person whom you expect to call as an expert witness at trial. State the subject matter on which such expert is expected to testify and state the substance of the facts and opinions to which the expert is expected to testify and the summary of the grounds of each opinion.

19.

If Defendant Wal-Mart Stores East, LP has retained or employed an expert in anticipation of litigation or preparation for trial and expect to call such expert as a witness at trial, please identify and state specifically the name and address of each such expert.

20.

Did Defendant Wal-Mart Stores East, LP or any person on said Defendant's behalf, after learning of wet, slick and/or hazardous substance take any action to remove or remedy the hazard, or to warn invitees of its presence?

21.

Please describe Plaintiff's incident, including any and all incidents and occurrences leading to Plaintiff's incident and/or wet, slick and/or hazardous substance near the area where the subject incident occurred and Defendant Wal-Mart Stores East, LP subsequent actions following Plaintiff's incident through and including the time when Plaintiff left the subject premises on February 2, 2020.

22.

State the name, address, employer, title and position of each person who was scheduled to work at the time of Plaintiff's incident and for each such person, state a brief description of their employment duties on said date; the employment relationship between said employee and Defendant Wal-Mart Stores East, LP; a description of any training said employee had in

preparation for said employment upon the premises where Plaintiff's incident occurred; whether said employee witnessed Plaintiff's incident; what said employee claims to have seen or heard at the time of, during, or after Plaintiff's incident; and whether said employee gave a statement, either oral or written, to Defendant Wal-Mart Stores East, LP or any representative of said defendant regarding Plaintiff's incident.

23.

Describe all records that were made or kept which reflect the inspection, cleaning and maintenance of the premises complained of and in particular the subject area of the store, and for each such record, state the title or other identification of each such record, a description of the content of each such record, and the name, address or last known address, employer, title and position of each person having custody of such records.

24.

Please state in detail any policies and procedures concerning the inspection, cleaning or maintenance of the area where the subject incident occurred.

25.

Please state what action(s), performance and/or maintenance was required to correct and/or repair the area complained of.

26.

Please state the number of times the area of Plaintiff's incident was inspected prior to the Plaintiff's incident on or about February 2, 2020.

27.

State when the last time the area of Plaintiff's incident was inspected prior to Plaintiff's incident and identify (in accordance with Instruction Note D) who conducted such inspection.

28.

Have there ever been any complaints made about the area where this incident occurred? If so, please state the date(s) of each complaint, the person(s) making each complaint, the nature of each complaint, and any action taken as a result of each complaint.

29.

Were there any contracts or agreements with other individuals or entities regarding the maintenance, inspection or security of the property where the Plaintiffs incident occurred as described in the complaint? If so, state the identity of the contracting parties, the address and telephone number of the contracting parties, and the duties of the contracting parties.

30.

Please describe any inspection procedures utilized in regard to the area where this incident occurred.

31.

Please state whether Defendant Wal-Mart Stores East, LP, as named in the Plaintiff's Complaint, is the correct party to defend this action, and identify (in accordance with Instruction Note D) any and all proper parties to defend this action.

32.

If Defendant Wal-Mart Stores East, LP or anyone acting on its behalf has knowledge of Plaintiff's incident, please describe Plaintiff's incident, including all actions taken by Defendant Wal-Mart Stores East, LP relevant to the area complained of for one hour before and after the Plaintiff's incident.

Respectfully submitted this 5th day of November, 2021.

_/s/ John S. O'Briant III_
John S. O'Briant III
Georgia State Bar No. 133201
Attorney for Plaintiff

**Law Office of Johnny Phillips, PC**
12 Jackson Street
Newnan, Georgia 30263
P: (404) 487-0184
F: (404) 439-1190
jobriant@johnnyphillipslaw.com

## IN THE STATE COURT OF FORSYTH COUNTY
## STATE OF GEORGIA

ANGELA MATHNEY as parent and/or
gaurdian of SERINITY WILLIAMS,

       Plaintiff,

vs.

WAL-MART STORES EAST, LP, d/b/a
WAL-MART SUPERCENTER #556,
JOHN DOE & XYZ CORPORATION,

      Defendants.

CIVIL ACTION

FILE NO.:

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
## TO DEFENDANT WAL-MART STORES EAST, LP d/b/a WAL-MART STORE #556

COMES NOW, Plaintiff in the above-styled civil action, and files this Request for Production of Documents to Defendant WAL-MART STORES EAST, LP d/b/a WAL-MART STORE #556 (hereinafter, "Wal-Mart Stores East, LP") pursuant to O.C.G.A. Section 9-11-34. Defendant is required to comply with said Code section and produce a true and correct copy of each of the following documents to Plaintiff's attorney, Law Office of Johnny Phillips, PC, Attn: John S. O'Briant III, 12 Jackson Street, Newnan, Georgia 30263, forty-five (45) days from the date of service.

## I. INSTRUCTIONS

Plaintiff requests that, along with the production of documents, a written response be made detailing the documents produced and any documents covered by these requests which Defendant Wal-Mart Stores East, LP objects to producing.

**NOTE A:** These requests are continuous and should be supplemented if additional information is received at a later date.

**NOTE B:** When used in these requests, the phrase "Defendant", "individual in question", "you" or any synonym thereof are intended to and shall embrace and include, in addition

to Defendant Wal-Mart Stores East, LP individually, its attorneys, agents, servants, employees, representatives, private investigators, insurance adjusters, and all others who are in possession of, in control of, or may have obtained information for or on behalf of said Defendant.

**NOTE C:**     If documents requested are not in Defendant Wal-Mart Stores East, LP possession, please state as follows:

(1)     name of person who has possession or knowledge of whereabouts;

(2)     business address of such;

(3)     business telephone number of such.

**NOTE D:**     If you claim that a privilege applies to any document sought by this request, then state the factual and legal basis for the claimed privilege and identify the document (by date, author, recipient, general subject matter) so that it can be described in a motion to compel.

## II. REQUESTS FOR PRODUCTION OF DOCUMENTS

1.

Please produce any and all insurance policies providing coverage for the incident complained of in Plaintiff's Complaint.

2.

Please produce any and all statements taken from any persons who witnessed or claimed to have witnessed Plaintiff's incident.

3.

Please produce any and all statements, notes or memoranda of any statements from any persons having knowledge or claiming to have knowledge of Plaintiff's incident or Plaintiff's resulting injuries.

4.

Please produce any and all movies, videotapes or other photographs or other recordings of Plaintiff's incident and/or the scene of Plaintiff's incident, which were taken at any time prior, during or subsequent to Plaintiff's incident.

5.

Produce any e-mail, interoffice correspondence, memoranda, report, telephone log, message or other documents concerning Plaintiff.

6.

Please produce any and all documentation of any other personal injuries and slip and fall accidents at the Wal-Mart Stores East, LP, located at 2425 Memorial Drive, Waycross, GA 31503 and owned by Defendant Wal-Mart Stores East, LP and/or XYZ Corporation (hereinafter, "the store").

7.

Please produce any and all guidelines, manuals, memoranda or other documents evidencing any policy or procedure concerning the inspection, cleaning or maintenance of the area where this incident occurred.

8.

Please produce any and all policy and procedure manuals given to the Defendants' employees regarding inspection, cleaning, and maintenance on the premises of the store.

9.

Please produce any and all documentation of Plaintiff's incident which is in Defendant Wal-Mart Stores East, LP possession, including, but not limited to said Defendant's first notice of Plaintiff's incident.

10.

Please produce any and all reports, whether written or otherwise recorded, made by any expert or experts who has been retained or otherwise employed by Defendant Wal-Mart Stores East, LP in anticipation of litigation or preparation for trial in this action.

11.

Please produce all surveillance movies, photographs, recordings or other visual documentation which have been made of Plaintiff.

12.

Please produce any and all documents reflecting any change in procedure responsive to Plaintiff's Interrogatory No. 13.

13.

Please produce all records of inspection, cleaning and/or maintenance of the store for 24 hours prior to and subsequent to Plaintiff's incident and all documents responsive to Plaintiff's Interrogatory Nos. 26 and 27.

14.

Please produce any daily, weekly, monthly or annual inspection reports or audits or any other inspection, cleaning and/or maintenance reports for the area where this incident occurred for the past five years.

15.

Please produce any documents obtained through third party requests and subpoenas.

16.

Please produce all documents identifying Defendant Wal-Mart Stores East, LP employees on the premises of the store for the day of the incident and the one-week periods prior to and

subsequent to the incident.

17.

Please produce any correspondence, memoranda, report, record or other documents concerning, referencing or depicting any complaints identified in response to Interrogatory No. 28.

18.

Please produce any maps, schematics, diagrams, drawings or other similar documents showing the layout of the area where the subject incident occurred.

19.

Produce any and all leases or contracts with outside contractors or agencies for performance of maintenance services in the area where Plaintiff's incident occurred.

20.

Please produce any invoices, records, proposals, work orders, maintenance records or other documents for work performed in the area where this incident occurred in the last five years.

21.

Please produce all surveillance movies, photographs, recordings or other visual documentation which have been made of the area of Plaintiff's incident on or about February 2, 2020.

22.

Please produce any and all documents, evidence of writing, or any other tangible thing which Defendant Wal-Mart Stores East, LP or anyone on said Defendant's behalf referred to in any form or fashion in answering or attempting to answer Plaintiff's First Interrogatories to Defendant Wal-Mart Stores East, LP.

Respectfully submitted this 5th day of November, 2021.

*/s/ John S. O'Briant III*

John S. O'Briant III
Georgia State Bar No. 133201
Attorney for Plaintiff

**Law Office of Johnny Phillips, PC**
12 Jackson Street
Newnan, Georgia 30263
P: (404) 487-0184
F: (404) 439-1190
jobriant@johnnyphillipslaw.com

## IN THE STATE COURT OF FORSYTH COUNTY
## STATE OF GEORGIA

ANGELA MATHNEY as parent and/or
gaurdian of SERINITY WILLIAMS,

   Plaintiff,

vs.

WAL-MART STORES EAST, LP, d/b/a
WAL-MART SUPERCENTER #556,
JOHN DOE & XYZ CORPORATION,

   Defendants.

CIVIL ACTION

FILE NO.:

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO
## DEFENDANT WAL-MART STORES EAST, LP d/b/a WAL-MART STORE #556

In compliance with O.C.G.A. § 9-11-36, the Defendant WAL-MART STORES EAST, LP

d/b/a WAL-MART STORE #556 (hereinafter, "Wal-Mart Stores East, LP"), is required to admit

the truth of the separately listed matters of fact, and the genuineness of the attached documents

forty-five (45) days after service of this request.  As required by statute, Defendant Wal-Mart

Stores East, LP is required to respond to this request in writing.

Defendant Wal-Mart Stores East, LP is specifically reminded that the separately listed

statements of facts are deemed admitted unless, within forty-five (45) days after service of this

First Request for Admissions to Defendant Wal-Mart Stores East, LP, said Defendant serves a

written answer, or objection, addressed to each fact.

This request for admissions is subject to and is deemed to include and incorporate the

following definitions:

## .I.  DEFINITIONS

1.  As used herein, the word "document" shall mean, in addition to its common meaning, the

original and all copies of any writing or record of every type and description, however produced

or reproduced, including, but without limitation, correspondence, contracts, proposals,

memoranda, tapes, stenographic or handwritten notes, studies, publications, minutes, books, pamphlets, pictures, drawings, photographs, films, microfilms, voice or sound recordings, magnetic recordings, maps, reports, surveys, statistical compilations, tax returns, financial statements, accounting or other financial papers, invoices, receipts, checks, check stubs, accounts, deposit slips, ledgers, calendars, diaries, appointment books, time-keeping records, computer or electronic mail message ("e-mail"), and expense account records.

2.      The word "person" means any individual, partnership, corporation, division, firm, business or other entity.

3.      As used herein, the phrases "relating to" and "relate to" shall be construed in their broadest sense and shall mean describing, setting forth, discussing, mentioning, commenting upon, supporting, contradicting, or referring to the subject or topic in question, whether in whole or in part.

4.      As used herein, the phrase "refer to" and "reference" shall be construed in their broadest sense and shall mean describing, setting forth, discussing, mentioning, commenting upon, supporting, contradicting, or referring to the subject or topic in question, whether in whole or in part.

5.      As used herein, the word "all" shall be deemed to include and encompass the words "each," "every" and "any."

6.      With regard to the terms defined herein, all terms in the singular shall include the plural, and all terms used in the plural shall include the singular.

7.      The conjunction "and/or" shall be interpreted in every instance both conjunctively and disjunctively.

8.      As used herein, the phrase "the store" means the premises on which Plaintiff's subject·

incident occurred, specifically the premises located at 2425 Memorial Drive

9.      Waycross, GA  31503 and owned by Defendant Wal-Mart Stores East, LP.

## II.  ADMISSIONS

1.

On or about February 2, 2020, Defendant Wal-Mart Stores East, LP was on notice that a wet, slick and/or hazardous substance was present in the store.

2.

Defendant Wal-Mart Stores East, LP should have warned invitees of the wet, slick and/or hazardous substance which was present in the area where the subject incident occurred on February 2, 2020.

3.

Defendant Wal-Mart Stores East, LP negligently failed to warn its invitees of the hazardous condition which was present on the premises complained of in Plaintiff's Complaint.

4.

Defendant Wal-Mart Stores East, LP failed to properly maintain the area where Plaintiff's incident occurred so as to be safe for invitees.

5.

Defendant Wal-Mart Stores East, LP failed to inspect the area where Plaintiff's incident occurred for at least fifteen minutes prior to the Plaintiff's incident.

6.

An employee of Defendant Wal-Mart Stores East, LP caused the presence of the wet, slick and/or hazardous substance in the area where Plaintiff's incident occurred.

7.

Defendant Wal-Mart Stores East, LP negligently failed to properly train its employees concerning safety procedures and inspecting, cleaning, and maintaining the premises.

8.

Defendant Wal-Mart Stores East, LP negligently failed to adopt or enforce safety policies and procedures to protect invitees from hazardous conditions such as those which caused Plaintiff's incident on February 2, 2020.

9.

On or about February 2, 2020, Plaintiff's fall was directly caused by the presence of a wet, slick and/or hazardous substance.

10.

The Plaintiff's incident was not the fault of any person not a party to this lawsuit.

11.

The Plaintiff did not contribute to causing the incident in any manner.

12.

The incident which gives rise to this suit was directly caused by the joint negligence of Defendants.

13.

The incident which gives rise to this suit was directly caused by the negligence of this Defendant.

14.

The Plaintiff sustained injuries as a direct result of the incident which occurred on or about February 2, 2020.

15.

The Plaintiff experienced pain and suffering as a direct result of the incident which occurred on or about February 2, 2020.

16.

The Plaintiff is entitled to recover damages from Defendant Wal-Mart Stores East, LP for her personal injuries.

17.

The Plaintiff is entitled to recover from Defendant Wal-Mart Stores East, LP for her reasonable and necessary medical expenses and lost wages.

18.

The Plaintiff's medical expenses and lost wages itemized in her Complaint and served contemporaneously with these requests are reasonable and necessary.

19.

Defendant Wal-Mart Stores East, LP has been properly served with process in this action.

20.

Defendant Wal-Mart Stores East, LP is subject to the jurisdiction and venue of this court.

Respectfully submitted this 5th day of November, 2021.

_/s/ John S. O'Briant III_
John S. O'Briant III
Georgia State Bar No. 133201
Attorney for Plaintiff

**Law Office of Johnny Phillips, PC**
12 Jackson Street
Newnan, Georgia 30263

P: (404) 487-0184
F: (404) 439-1190
jobriant@johnnyphillipslaw.com

IN THE STATE COURT OF FORSYTH COUNTY
STATE OF GEORGIA

EFILED IN OFFICE
CLERK OF STATE COURT
FORSYTH COUNTY, GEORGIA

**21SC-1458-A**

**Judge Leslie Abernathy-Maddox**
**NOV 08, 2021 09:57 AM**

Greg G. Allen, Clerk
Forsyth County, Georgia

ANGELA MATHNEY, as parent )
And/or guardian of )
SERENITY WILLIAMS, )
 )
       Plaintiff, )
 )
v. )   CIVIL ACTION NO.: 21SC-1458-A
 )
WAL-MART STORES EAST, LP )
d/b/a WAL-MART SUPERCENTER )
#556, JOHN DOE AND XYZ )
CORPORATION, )
 )
       Defendants. )

## ENTRY OF APPEARANCE

      COMES NOW Ernest L. Beaton, IV of the law firm of McLain & Merritt, P.C. and

enters an appearance as attorney of record for the Defendant Wal-Mart Stores East, LP d/b/a

Wal-Mart Supercenter #556.  Copies of all correspondence and pleadings should be directed to

Ernest L. Beaton, IV at McLain & Merritt, P.C., 3445 Peachtree Road, NE, Suite 500, Atlanta,

Georgia 30326.  Clerk will please forward all notices and calendars to Ernest L. Beaton, IV.

               McLAIN & MERRITT, P.C.

               */s/ Ernest L. Beaton, IV*
               Ernest L. Beaton, IV
               Georgia Bar No. 213044
               Attorney for Defendant

3445 Peachtree Road, NE
Suite 500
Atlanta, GA 30326
(404) 266-9171
ebeaton@mmatllaw.com

## CERTIFICATE OF SERVICE

This is to certify that on this day, I electronically filed **ENTRY OF APPEARANCE**

with the Clerk of Court using the Peachcourt efile system which will automatically send email

notification of such filing to attorneys of record.

This the 8th day of November, 2021.

McLAIN & MERRITT, P.C.

*/s/ Ernest L. Beaton, IV*
Ernest L. Beaton, IV
Georgia Bar No. 213044
Attorney for Defendant

3445 Peachtree Road, NE
Suite 500
Atlanta, GA 30326
(404) 266-9171
ebeaton@mmatllaw.com

EFILED IN OFFICE
CLERK OF STATE COURT
FORSYTH COUNTY, GEORGIA

**21SC-1458-A**

Judge Leslie Abernathy-Maddox
NOV 17, 2021 01:10 PM

Greg G. Allen, Clerk
Forsyth County, Georgia

IN THE STATE COURT OF FORSYTH COUNTY
STATE OF GEORGIA

ANGELA MATHNEY as parent and/or,           Civil Action File No.
guardian of SERINITY WILLIAMS,             21SC-1458-A

      Plaintiff,

v.

WALMART STORES EAST, LP
D/B/A WALMART #556,
JOHN DOE AND XYZ CORPORATION,

      Defendants.
_____/

## ANSWER OF DEFENDANT WAL-MART STORES EAST, LP D/B/A WALMART #556

COMES NOW, Defendant WAL-MART STORES EAST, LP D/B/A

WALMART #556 and makes this Answer to Plaintiff's Complaint as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against Defendant upon which

relief can be granted.

### SECOND DEFENSE

Plaintiff's alleged damages, if any, were directly and proximately caused

by Plaintiff's and Ms. Williams's own contributory negligence and failure to

exercise ordinary care.

## THIRD DEFENSE

Plaintiff and Ms. Williams were not in the exercise of ordinary care for her own safety in the premises, and by the exercise of ordinary care could have avoided any injury to herself; and on account thereof, Plaintiff is not entitled to recover from Defendant.

## FOURTH DEFENSE

Defendant denies that it was negligent in any manner whatsoever or that any negligent act or omission on its part caused or contributed to any injury or damage alleged to have been sustained by Plaintiff or Ms. Williams.

## FIFTH DEFENSE

Plaintiff and Ms. Williams assumed the risk of any hazard that was presented and is thereby barred from recovering against Defendant.

## SIXTH DEFENSE

Plaintiff's Complaint should be dismissed due to improper process and service of process.

## SEVENTH DEFENSE

Defendant responds to the enumerated paragraphs of Plaintiff's Complaint as follows:

1.

Defendant denies the allegations contained in paragraph 1 of the Plaintiff's Complaint.

2.

Defendant denies the allegations contained in paragraph 2 of the Plaintiff's Complaint.

3.

Defendant denies the allegations contained in paragraph 3 of the Plaintiff's Complaint.

4.

There is no paragraph 4 of Plaintiff's Complaint.  To the extent a paragraph 4 exists, Defendant denies the allegations contained in paragraph 4 of Plaintiff's Complaint.

5.

Defendant lacks sufficient knowledge and information to either admit or deny the allegations contained in paragraph 5 of Plaintiff's Complaint, which are accordingly deemed denied.

6.

Defendant denies the allegations contained in paragraph 6 of the Plaintiff's Complaint.

7.

Defendant denies the allegations contained in paragraph 7 of the Plaintiff's Complaint.

8.

Defendant denies the allegations contained in paragraph 8 of the Plaintiff's Complaint.

9.

Defendant denies the allegations contained in paragraph 9 of the Plaintiff's Complaint.

10.

Defendant restates and incorporates herein by reference its answers and responses to paragraphs 1 through 9 of Plaintiff's Complaint above as if fully stated herein.

11.

Defendant lacks sufficient knowledge and information to either admit or deny the allegations contained in paragraph 11 of Plaintiff's Complaint, said allegation is therefore denied.

12.

Defendant denies the allegations contained in paragraph 12 of the Plaintiff's Complaint.

13.

Defendant denies the allegations contained in paragraph 13 of the Plaintiff's Complaint.

14.

Defendant denies the allegations contained in paragraph 14 of the Plaintiff's Complaint.

15.

Defendant denies the allegations contained in paragraph 15 of the Plaintiff's Complaint.

16.

Defendant restates and incorporates herein by reference its answers and responses to paragraphs 1 through 15 of Plaintiff's Complaint above as if fully stated herein.

17.

Defendant denies the allegations contained in paragraph 17 of the Plaintiff's Complaint.

18.

Defendant denies the allegations contained in paragraph 18 of the Plaintiff's Complaint.

19.

Defendant restates and incorporates herein by reference its answers and responses to paragraphs 1 through 18 of Plaintiff's Complaint above as if fully stated herein.

20.

Defendant denies the allegations contained in paragraph 20 of the Plaintiff's Complaint.

21.

Defendant denies the allegations contained in paragraph 21 of the Plaintiff's Complaint.

22.

Defendant restates and incorporates herein by reference its answers and responses to paragraphs 1 through 21 of Plaintiff's Complaint above as if fully stated herein.

23.

Defendant denies the allegations contained in paragraph 23 of the Plaintiff's Complaint.

24.

Defendant denies the allegations contained in paragraph 24 of the Plaintiff's Complaint.

25.

Defendant denies the allegations contained in paragraph 25 of the Plaintiff's Complaint.

26.

Defendant denies the allegations contained in paragraph 26 of the Plaintiff's Complaint.

27.

All other allegations contained in the Complaint which are not specifically responded to herein, are, therefore, denied.

28.

Defendant denies Plaintiff's prayer for relief, including subparagraphs a), b), c), d) and e) thereof.

WHEREFORE, Defendant prays that Plaintiff's Complaint be dismissed with all costs cast upon the Plaintiff.  DEFENDANT DEMANDS TRIAL BY A JURY OF TWELVE (12) PERSONS AS TO ALL ISSUES SO TRIABLE.

McLAIN & MERRITT, P.C.

 /s/   Ernest L. Beaton, IV
Ernest L. Beaton, IV
Georgia Bar No.  213044
Attorneys for Defendant

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 266-9171
ebeaton@mmatllaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing ANSWER OF

DEFENDANT WAL-MART STORES EAST, LP has this day been filed and

served upon opposing counsel via Peachcourt.

This the 17th day of November, 2021.

McLAIN & MERRITT, P.C.

/s/ Ernest L. Beaton, IV
Ernest L. Beaton, IV
Georgia Bar No. 213044
Attorney for Defendant

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 266-9171
ebeaton@mmatllaw.com

EFILED IN OFFICE
CLERK OF STATE COURT
FORSYTH COUNTY, GEORGIA
**21SC-1458-A**
Deputy Leslie Abernathy-Maddox
**NOV 17, 2021 01:10 PM**

Greg G. Allen, Clerk
Forsyth County, Georgia

IN THE STATE COURT OF FORSYTH COUNTY
STATE OF GEORGIA

ANGELA MATHNEY as parent and/or
guardian of SERENITY WILLIAMS,

        Plaintiff,

v.

WAL-MART STORES EAST, LP d/b/a
WAL-MART SUPERCENTER #556,
JOHN DOE & XYZ CORPORATION,

        Defendants.

_____/

Civil Action File No.
21SC-1458-A

## 12-PERSON JURY DEMAND

COMES NOW Defendant, WAL-MART STORES EAST, LP d/b/a WAL-

MART SUPERCENTER #556 and demands a trial by a jury of twelve (12)

persons.

        McLAIN & MERRITT, P.C.

        /s/ Ernest L. Beaton, IV
        Ernest L. Beaton, IV
        Georgia Bar No. 213044
        Attorneys for Defendant

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 266-9171
ebeaton@mmatllaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing **12-PERSON JURY**

**DEMAND** has this day been filed and served upon opposing counsel via

Peachcourt E-File.

This the  17th day of November, 2021.

McLAIN & MERRITT, P.C.


 /s/ Ernest L. Beaton, IV
Ernest L. Beaton, IV
Georgia Bar No. 213044
Attorney for Defendant

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 266-9171
ebeaton@mmatllaw.com

S ENTRY OF SERVICE                                                    STATE COURT OF PERRY CO., COVINGTON, GA 30015

Civil Action No. _21SC-1458-A_

Date Filed _10/5/2021_

| | Superior Court | ☐ | Magistrate Court |
|---|---|---|---|
| | State Court | ☑ | Probate Court |
| | Juvenile Court | ☐ | |

FILED IN OFFICE
CLERK OF STATE COURT
FORSYTH COUNTY, GEORGIA

**21SC-1458-A**
Judge Leslie Abernathy-Maddox

NOV 22, 2021 09:55 AM

Greg G. Allen, Clerk
Forsyth County, Georgia

Georgia, _FORSYTH_ County

_ANGELA MATHNEY_

_SERENITY WILLIAMS_
                                                          Plaintiff

Attorney's Address
Law Office of Johnny Phillips
12 Jackson Street
Newnan, Georgia 30263

VS.

_WAL-MART STORES EAST, LP_

_ET AL_
                                                          Defendant

Name and Address of Party to be Served.

_WAL-MART STORES EAST, LP_
_RA: THE CORPORATION COMPANY (FL)_
_106 COLONY PARK DRIVE STE 800-B_
_CUMMING, GA 30040_
                                                          Garnishee

**SHERIFF'S ENTRY OF SERVICE**

**PERSONAL**

☐ I have this day served the defendant _____ personally with a copy
of the within action and summons.

**NOTORIOUS**

☐ I have this day served the defendant _____ by leaving a
copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____ described as follows:
age, about _____ years; weight _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of
defendant.

**CORPORATION**

☑ Served the defendant _Corporation Company_ a corporation
by leaving a copy of the within action and summons with _Nahseer Walker_
in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL**

☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said
affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the
defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the
place stated in the summons.

**NON EST**

☐ Diligent search made and defendant _____
not to be found in the jurisdiction of this Court.

This _19_ day of _NOV_ , 20 _21_ .

_____
                                                          DEPUTY

SHERIFF DOCKET_____ PAGE _____

WHITE-CLERK     CANARY-PLAINTIFF     PINK-DEFENDANT

CLAL ... 'R
Printed E...
Agency

**FORSYTH COUNTY SHERIFF'S OFFICE**

Date/Time Printed
11/18/2021 12:30:33

## Civil Paper - CIVIL PAPER

**\*CP46370\***

| Civil ID | Case ID | File/Docket # |
|---|---|---|
| 46370 | | 21SC-1458-A |

| Officer | Location of Original Copy | Local # |
|---|---|---|
| DEVEREAUX, L. A. | | |

| PLAINTIFF NAME & ADDRESS | Court | Court Date |
|---|---|---|
| **MATHNEY, ANGELA & WILLIAMS, SERENITY** | | |
| | Date Issued **10/15/2021** | Date Received **11/18/2021** |
| | Disposition **Active** | Disposition Date **11/18/2021** |

### VERSUS

| DEFENDANT NAME & ADDRESS | SERVE TO ADDRESS: |
|---|---|
| **WALMART STORES EAST LP C/O THE CORP COMPANY**<br>**106 Colony Park Dr , 800B**<br>**Cumming,GA  30040** | Beat: **S32**<br>District: **STH**   Neighbhd:<br>ReportArea: **COM1**   SubDivsn: |

Race / Sex / DOB            SSN

DEFENDANT NAME & ADDRESS

Employer Information

| Home Phone | Work Phone | Notes (for above Defendant) |
|---|---|---|
| **Alerts** | | |

### SERVICE NOTES

### FIRST ATTEMPT

| Successful<br>☐ Yes  ☐ No | Date | Time | Officer | Who Served |
|---|---|---|---|---|

| Where Served<br>**Serve To Address:** | Comments (include new address) |
|---|---|

### SECOND ATTEMPT

| Successful<br>☐ Yes  ☐ No | Date | Time | Officer | Who Served |
|---|---|---|---|---|

| Where Served | Comments (include new address) |
|---|---|

### THIRD ATTEMPT

| Successful<br>☐ Yes  ☐ No | Date | Time | Officer | Who Served |
|---|---|---|---|---|

| Where Served | Comments (include new address) |
|---|---|

🗎 EFILED IN OFFICE
CLERK OF STATE COURT
FORSYTH COUNTY, GEORGIA

**21SC-1458-A**
Judge Leslie Abernathy-Maddox
**OCT 05, 2021 03:22 PM**

Greg G. Allen, Clerk
Forsyth County, Georgia

### IN THE STATE COURT OF FORSYTH COUNTY
### STATE OF GEORGIA

| | |
|---|---|
| ANGELA MATHNEY as parent and/or gaurdian of SERINITY WILLIAMS,<br><br>    Plaintiff,<br><br>vs.<br><br>WAL-MART STORES EAST, LP, d/b/a WAL-MART SUPERCENTER #556, JOHN DOE & XYZ CORPORATION,<br><br>    Defendants. | CIVIL ACTION<br><br>FILE NO.: |

### RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY

I HEREBY CERTIFY that I have served a copy of Plaintiff's First Interrogatories, Request to Produce Documents and Request for Admissions to Defendant **Wal-Mart Stores East, LP** upon all parties in this matter by including a true and correct copy of same which is to be served contemporaneously with the complaint and summons by a Deputy of the Sheriff's Office or other proper Process Server, as approved by the Georgia Civil Practice Act, who is to effectuate service at the following address:

Wal-Mart Stores East, LP
RA: The Corporation Company (FL)
106 Colony Park Drive Ste. 800-B
Cumming, GA 30040

Respectfully submitted this 5th day of October, 2021.

*/s/ John S. O'Briant*
Johnny G. Phillips
Georgia State Bar No. 382150
John S. O'Briant III
Georgia State Bar No. 133201
Attorney for Plaintiff

**Law Office of Johnny Phillips, PC**

Copy from re:SearchGA

12 Jackson Street
Newnan, Georgia 30263
P: (404) 487-0184
F: (404) 439-1190
Johnny@johnnyphillipslaw.com
Jobriant@johnnyphillipslaw.com

Copy from re:SearchGA

**EFILED IN OFFICE**
CLERK OF STATE COURT
FORSYTH COUNTY, GEORGIA

**21SC-1458-A**
**Judge Leslie Abernathy-Maddox**
**NOV 17, 2021 12:07 PM**

Greg G. Allen, Clerk
Forsyth County, Georgia

## IN THE STATE COURT OF FORSYTH COUNTY
## STATE OF GEORGIA

ANGELA MATHNEY as parent and/or
guardian of SERENITY WILLIAMS,

                Plaintiff,

v.

WAL-MART STORES EAST, LP d/b/a
WAL-MART SUPERCENTER #556,
JOHN DOE & XYZ CORPORATION,

                Defendants.

_____/

Civil Action File No.
21SC-1458-A

## **CERTIFICATE REGARDING DISCOVERY**

Pursuant to Uniform State Court Rule 5.2, as amended, the undersigned hereby certifies that the following discovery has been served upon all persons identified in the Certificate of Service attached hereto and incorporated herein by reference:

Defendant's Responses to Plaintiff's First Request for Admissions.

                McLAIN & MERRITT, P.C.

                /s/ Ernest L. Beaton, IV
                Ernest L. Beaton, IV
                Georgia Bar No. 213044
                Attorneys for Defendant

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 266-9171
ebeaton@mmatllaw.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above and foregoing **CERTIFICATE REGARDING DISCOVERY** has this day been filed and served upon opposing counsel via Peachcourt E-File.

This the <u>17th</u> day of November, 2021.

McLAIN & MERRITT, P.C.

/s/ Ernest L. Beaton, IV
Ernest L Beaton, IV
Georgia Bar No. 213044
Attorney for Defendant

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 266-9171
ebeaton@mmatllaw.com